IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:18cr15

ALLEN EARL PINER, JR.,
    Petitioner.

## MEMORANDUM OPINION

Allen Earl Piner, Jr., a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 61.) The government has filed a motion to dismiss, asserting that Piner's § 2255 Motion is barred by the statute of limitations. (ECF No. 64.) Because the § 2255 Motion is untimely, the motion to dismiss will be GRANTED.[1]

## I. PROCEDURAL HISTORY

On May 1, 2019, Piner pleaded guilty to two counts of bank robbery (Counts One and Three) and two counts of brandishing a firearm in furtherance of a crime of violence, to wit the bank robberies charged in Counts One and Three (Counts Two and Four). (ECF No. 45, at 1–4.) On May 22, 2019, the Court entered judgment against Piner and sentenced him to 216 months of incarceration. (ECF No. 56, at 2.) Piner did not appeal.

On October 26, 2021, Piner filed the instant § 2255 Motion. (ECF No. 61, at 12.)[2] In his

---

[1] The Court corrects the capitalization, punctuation, and spelling in the quotations from Piner's submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

[2] This is the date that Piner indicates that he placed his § 2255 Motion in the prison mailing system. The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

§ 2255 Motion, Piner raises the following claims for relief:

Claim One: "Trial counsel was constitutionally ineffective in not immediately appealing the District Court's findings-evaluation post Petitioner's competency to stand trial–acceptance of guilty plea pursuant to 18 U.S.C. §§ 4241(b) and 4247(b)–(c)." (ECF No. 62, at 8.)

Claim Two: "Trial counsel was constitutionally ineffective in not raising an insanity defense . . . ." (*Id.* at 10.)

Claim Three: "Counsel was constitutionally ineffective in advising Petitioner to plead guilty to and waiving his rights (with the exception of ineffective assistance) on direct appeal in the context of Petitioner's 18 U.S.C. § 4247(c), competency evaluation-District Court's findings." (*Id.* at 13.)

Claim Four: "Trial counsel was constitutionally ineffective in not explaining [Petitioner's] constitutional rights with respect to AEDPA statutory limitations. And that [Petitioner's] Plea Agreement was or is inadequate in that regard." (ECF No. 61, at 8.)

As discussed below, Piner's § 2255 Motion is untimely and will be DISMISSED.

## II. STATUTE OF LIMITATIONS ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
 (1) the date on which the judgment of conviction becomes final;
 (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f).

Because Piner did not appeal, under § 2255(f)(1), his conviction became final on Wednesday, June 5, 2019, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01cr16, 4:04cv122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Hence, Piner had until Friday, June 5, 2020, to file any motion under § 2255. Because Piner did not file his § 2255 Motion until October 26, 2021, the § 2255 Motion is untimely under § 2255(f)(1). Unless Piner demonstrates a viable basis for a belated commencement of the limitation period under § 2255(f)(2)–(4) or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations. Piner contends that the Court should equitably toll the limitation period in light of the COVID-19 Pandemic and his medical condition. (ECF No. 62, at 5–8.)

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Piner asserts:

> Since March of 2020, the petitioner was placed on lockdown-quarantine status due to COVID-19 implications. Just until recently, the institution FMC Butner, [activated] a modified schedule allowing inmates three days a week, one hour on your prescribed day, access the inmate law library. However, in August, 2021, the petitioner's entire floor (5th) was placed back on lock down-quarantine status due to 17 breakthrough cases with three deaths from COVID-19 infections. No doubt, this hampered the petitioner's ability to consult with other inmates in order to research and properly prepare and file a meritorious § 2255 petition. . . .
> [D]ue to COVID-19 and the modified lock-down that FMC Butner currently has in place and, only loosen a few months ago. [The p]etitioner was not authorized to interact with any other inmates besides the ones that were housed on his unit, much less utilize the inmate law library. Further, the FMC is not only having an issue with low vaccination rate as it pertains to staff-inmate population. This definitely impeded the petitioner's ability to access the law library being that the institution is subject to lockdown at any given time.

(ECF No. 62, at 6–7 (footnote omitted).) As explained below, Piner fails to demonstrate that the above situation constitutes an extraordinary circumstance that prevented him from filing his § 2255 Motion in a timely manner. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))). Instead, the record shows that Piner's lack of diligence, not the circumstances of his incarceration, led to the delay in filing his § 2255 Motion.

First, Piner lacks entitlement to equitable tolling, as he has failed to show that he exercised diligence in protecting his rights. *See Holland*, 560 U.S. at 649. Piner fails to identify with the requisite specificity what actions, if any, he took to pursue his claim in the days after his conviction became final. Piner had ten months from when his conviction became final on June 5, 2019, until

4

the institutional lockdown began, to research his claims and visit the law library. This ten-month period of inaction alone forecloses Piner's entitlement to equitable tolling. *Yang*, 525 F.3d at 930 (citation omitted); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))); *see Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) (citations omitted) (requiring that inmate show "he was pursuing his rights diligently throughout the one-year window, including before COVID-19 restrictions went into place").

Second, Piner fails to demonstrate the existence of an extraordinary circumstance that prevented him from timely filing his § 2255 Motion. "Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" that would warrant equitable tolling. *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Moreover, Piner fails to adequately explain why lack of access to the library or to legal materials hindered his ability to bring his present claim sooner. Piner fails to specify the legal materials that he required to complete his § 2255 Motion. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (holding that an inmate must "explain why the documents [in question] were necessary to pursue his federal claim" (citing *Miller*, 141 F.3d at 978; *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000))). Piner also provides no specific details about how additional time in the library would have facilitated the timely filing of his § 2255 Motion. *See Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (observing that there is no "abstract, freestanding right to a law library or legal assistance" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996))). Thus, Piner's allegations are too vague and lacking in factual detail to entitle

him to equitable tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."); *see also United States v. Turner*, No. 3:18cv158, 2021 WL 3934322, at *2–3 (E.D. Va. Sept. 2, 2021) (explaining that inmate was not entitled to equitable tolling based "solely on the closure of the law library in April 2020 due to COVID-19"); *Howard v. United States*, No. 4:20cv1632, 2021 WL 409841, at *3 (E.D. Mo. Feb. 5, 2021) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." (citations omitted)), *cert. of appeal. denied*, No. 21–1592, 2021 WL 4177744 (8th Cir. May 17, 2021).

Piner also vaguely suggests that the Court should equitably toll the limitation period because of his diminished mental and physical capacity. "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998) ("finding equitable tolling based on mental condition to be appropriate 'only in exceptional circumstances, such as institutionalization or adjudged mental incompetence'")). Therefore, a "petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his or] her ability to file a timely habeas petition." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted). Piner has not provided any specific facts reflecting that during the relevant period his mental condition rose to this level. Further, Piner fails to provide any details as to his alleged diminished physical capacity. Therefore, Piner fails to demonstrate that he is entitled to equitable tolling in light of any mental or physical infirmities.

In sum, Piner has failed to carry his "strong burden to show specific facts" that demonstrate his entitlement to equitable tolling. *Yang*, 525 F.3d at 928 (citation omitted). "Simply put, [Piner] fails to demonstrate [that] some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10cv157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Accordingly, Piner's § 2255 Motion is barred by the statute of limitations and will be DISMISSED.³

### III. CONCLUSION

The government's motion to dismiss, (ECF No. 64), will be GRANTED, and Piner's § 2255 Motion, (ECF No. 61), will be DENIED. A certificate of appealablity will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 27 May 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

³ Neither Piner nor the record suggests a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4).